# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4469 | **DATE** | 7/3/2002 |
| **CASE TITLE** | S. Patricia Trowbridge vs. Dimitri's 50's Diner LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. This action is remanded to the Circuit court for the Eighteenth Judicial Circuit, DuPage County, IL for lack of subject matter jurisdiction (see 28 U.S.C. §1447(c)). As permitted by this District Court's LR 81.2(b), the Clerk is ordered to mail the certified copy of the remand order forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 0 8 2002 | 6 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | AR docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 7/3/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | SN courtroom deputy's initials | 02 JUL -3 PM 2:35 FILED 03-03714 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

S. PATRICIA TROWBRIDGE,         )
                                )
            Plaintiff,          )
                                )
       v.                       )   No. 02 C 4469
                                )
DIMITRI'S 50's DINER L.L.C.,    )
et al.,                         )
                                )
            Defendants.         )

## MEMORANDUM OPINION AND ORDER

This action and its predecessor have had a peripatetic existence. But as this memorandum opinion and order will explain, its travels are not quite over: This Court sua sponte remands the case to its place of origin (the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois) because of the absence of the required establishment of federal subject matter jurisdiction.

Initially S. Patricia Trowbridge ("Trowbridge") had filed, in this District Court, a substantively identical Complaint (Case No. 02 C 2140) against Dimitri's 50's Diner LLC ("Dimitri's"), Angelique Maalem and Brian Duckworth ("Duckworth"), purporting to invoke federal subject matter jurisdiction on diversity of citizenship grounds. There is no doubt that the requisite over-$75,000 amount was in controversy, as required by 28 U.S.C. §1332(a),[1] for Trowbridge sought to recover well in excess of

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

that amount. Thus the existence or nonexistence of federal jurisdiction hinged on the states of citizenship of the parties litigant.

When Trowbridge's counsel learned on further inquiry that the requisite total diversity of citizenship seemed lacking, he moved for dismissal of Case No. 02 C 2140 for that reason. This Court promptly granted the motion and dismissed the action for lack of subject matter jurisdiction, specifying that "the dismissal is without prejudice to plaintiff's institution of a like action in a state court of competent jurisdiction." Trowbridge's counsel just as promptly did exactly that, filing Case No. 2002 L 000558 in the state Circuit Court.

Now Duckworth's counsel has filed a Notice of Removal ("Notice") to bring the action back to this District Court under its new Case No. 02 C 4469, looking (as Trowbridge originally did in the earlier lawsuit) to Section 1332 and its diversity of citizenship provisions as the predicate for federal jurisdiction. But Duckworth has clearly failed to carry his burden of establishing such jurisdiction in two respects:

1. Notice ¶8 reads:

> Defendant Duckworth is informed and believes that each other defendant in this action joins in this removal and that each such defendant shall file a JOINDER IN NOTICE OF REMOVAL OF ACTION.

That is simply not enough--as Roe v. O'Donohue, 38 F.3d 298,

2

301 (7th Cir. 1994)(citations, including reference to two century-old Supreme Court decisions, omitted) teaches:

> The notice of removal stated that "[a]ll other defendants who have been served with summons in this action have stated that they do not object to the removal of this action to federal court." Under ordinary standards, this is deficient. A petition for removal fails unless all defendants join it. To "join" a motion is to support it in writing, which the other defendants here did not.

2. All that Notice ¶7 says about Dimitri's is this:

> Defendant Duckworth is informed and believes that corporate defendant Dimitri's 50's Diner LLC is a limited liability company which was formed under and by virtue of the laws of the State of Wisconsin, with its principal place of business located at 2575 Telluride Trail, #E, Green Bay, Wisconsin.

That too is not enough--it has been clear for more than four years that the place of organization and principal place of business of a limited liability company are irrelevant, for the relevant citizenship as to a limited liability company is essentially equivalent to the relevant citizenship where a partnership or other unincorporated association is a litigant: Information must be provided as to the state or states of citizenship of each member of the limited liability company (Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)).

Every litigant who seeks entry to the federal court system has an affirmative responsibility to establish the existence of federal subject matter jurisdiction. And every federal judge has a comparable responsibility--as our Court of Appeals has reconfirmed

3

in Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998):

> It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Environment, 118 S.Ct. 1003, 1012 (quoting Mansfield C.& L.M.R. Co. v. Swan, 111 U.S. 379, 382).

Because Duckworth and his counsel have not discharged their responsibility, this Court is duty bound to enforce its own. This action is therefore remanded to the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois for lack of subject matter jurisdiction (see 28 U.S.C. §1447(c)). As permitted by this District Court's LR 81.2(b), the Clerk is ordered to mail the certified copy of the remand order forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 3, 2002

4